UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO McKINNEY,<br><br>    Petitioner,<br><br>v.<br><br>GEORGE SMITH,<br><br>    Respondent. | No. 2:17-cv-00581 JAM GGH<br><br><br><br>ORDER |

On April 21, 2017 petitioner filed a motion requesting that the undersigned recuse himself From proceeding with this case on the ground that he had shown bias in a previous case that was dismissed "the year before 2005." Petitioner does not explain what he perceives to have been bias. The court has reviewed the prior history of litigation involving petitioner in which the undersigned served as the presiding magistrate judge and has identified no case in which he recommended dismissal "before 2005."[1] Neither did the review suggest any actions taken by this

---

[1] 02-cv-1599 was a civil rights action in which the undersigned recommended dismissal on September 5, 2002, ECF No. 4, after plaintiff filed a notice that he intended only to file a citizen complaint with the United States Attorney. ECF No. 3. 02-cv-2496 was a civil rights action in which this court recommended grant of a motion for summary judgment, ECF No. 95, which was adopted by the District Court on March 16, 2007, ECF No. 97. Plaintiff appealed but the appeal was dismissed by the Ninth Circuit Court of Appeals on November 20, 2007, for failure to prosecute. ECF No. 103. In this case petitioner filed a motion for recusal claiming the magistrate's refusal to appoint counsel evidenced bias. ECF No. 91. This court denied that motion on November 15, 2006, ECF No. 91. 04-cv-1678 was a habeas corpus action in which the undersigned recommended dismissal for lack of exhaustion as required by AEDPA on July 6, 2005, ECF No. 30 which was adopted by the District Court on August 5, 2005. ECF No. 32.

1

court that were extraordinary, or suggested a biased position against petitioner.

A judge is required to disqualify himself if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice against a party, 28 U.S.C. § 455(b)(1). Remarks made during the course of a judicial proceeding that are critical or hostile to a party or his case ordinarily will not support a bias or partiality claim unless they reveal an extrajudicial source for the opinion, or "such a high degree of favoritism or antagonism as to make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 554 (1994.) The decision regarding disqualification is made by the judge whose impartiality is at issue. Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994).

Where the source of alleged bias or prejudice is a judicial proceeding, plaintiff must show a disposition on the part of the judge that "is so extreme as to display clear inability to render fair judgment." Liteky, 510 U.S. at 541. "Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. at 555. Bias is not found where the judge has expressed anger or dissatisfaction or annoyance that are within the bounds of reasonable behavior. Id.

This court has found no indication in any of its prior rulings that support petitioner's motion to disqualification. The actions taken were an appropriate response to filings. The Court's rulings do not reflect an extreme disposition or deep-seated antagonism. They do not reflect animosity, partiality, or inability to render a fair judgment in the instant action. They do not indicate bias, personal or otherwise, or prejudice, personal or otherwise. Finally, they were all adopted by the District Court after thorough review. The petitioner's failure to state specific actions that he relies upon to reflect bias make further analysis impossible.

---

Petitioner appealed the dismissal but the Ninth Circuit Court of Appeal dismissed the appeal for failure to file an opening brief. ECF No. 38. 09-cv-1650 was a habeas corpus petition as to which the undersigned took only one action after the matter had been dismissed by Magistrate Kimberly Mueller on June 10, 2010, ECF No. 22, insofar as he entered a finding that no Certificate of Appealability would be issued on August 21, 2012. ECF No. 31.

Accordingly, IT IS HEREBY ORDERED that petitioner's April 21, 2017 motion for recusal is DENIED.

Dated: May 8, 2017

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

McKinney.581.recus.den.

3