UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO McKINNEY, | No. 2:17-cv-00581 JAM GGH HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WARREN L. MONTGOMERY,[1] | |
| Respondent. | |

*Introduction*

Petitioner, a frequent habeas corpus petitioner in this district, is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U. S. C. § 2254. ECF No. 1. Pending before the court is respondent's motion to dismiss on the ground that petitioner is barred by the one-year statute of limitations pursuant to 28 U.S.C. § 2244(d). ECF No. 22. Petitioner has filed an opposition, ECF No. 24, to which respondent has filed a reply. ECF No. 26. Petitioner has also filed a sur-reply. ECF No. 27.

Upon review of the petition, petitioner seems to seek relief from judgment of more than one state court judgment- petitioner's 2003 conviction and the later resentencing petition. See ECF No. 1. Rule 2(e) of the Rules Governing § 2254 Cases states that "[a] petitioner who seeks

---

[1] Pursuant to Federal Rules of Civil Procedure 25(d) respondent Warren L. Montgomery is substituted for George Smith as the current Warden of Calipatria State Prison where petitioner is currently housed.

1

relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." The court finds, however, that even if petitioner were to properly bring the petitions separately as required, dismissal would be warranted based on issues of timeliness and a failure to state a cognizable claim. Moreover, certain case law treats the resentencing proceeding as simply collateral review of the initial judgment. See infra. In an abundance of caution, the undersigned will address both in this Findings and Recommendations.

Respondent brings its motion to dismiss entirely on the statute of limitations, both as to the 2003 conviction and the much later resentencing proceedings. There is no doubt that review of the 2003 conviction itself is time barred. Although respondent's motion to dismiss does not address whether the petition should be dismissed for failure to state a cognizable claim as well, the court will address the successive nature of the petition and, in the alternative, the merits, *insofar as this petition relates to his 2015 resentencing claim*. Title 28 U.S.C. section 2244 (b)(1) prohibits the filing of successive petitions. Finally, Rule 4 of the Rules Governing Section 2254 Cases provides, in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 8 of those same rules indicate that the court may deny a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petitioner has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). Accordingly, the court will recommend a dismissal based on the successive nature of the resentencing, or in the alternative, reach the merits of the resentencing petition, and recommend a summary denial.[2]

***Procedural Background***

*Direct Review*

On March 11, 2003, petitioner entered a guilty plea to battery by an inmate on a non-confined person in Lassen County Superior Court. Resp't's Lodg. Doc. Nos. 1, 2. Petitioner was

---

[2] Petitioner's 2003 battery conviction was the subject of several habeas corpus petitions in this court, none of which were exhausted: McKinney v. Ortiz, 04-cv-1678 LKK GGH; McKinney v. Walker, 09-cv-1650 GGH; McKinney v. Holland, 12-cv-2112 JAM CKD. It appears that for this petition, petitioner finally exhausted his 2003 claim with the state supreme court.

sentenced to an indeterminate sentence of two years to be served consecutively to his current term. Id. On November 18, 2003, the California Court of Appeal, Third Appellate District affirmed the judgement. Resp't's Lodg. Doc. No. 2. Petitioner did not seek review in the California Supreme Court.[3]

*Post-Conviction Collateral Review*

On August 16, 2004, petitioner filed a federal habeas petition challenging his 2003 conviction, which the undersigned recommended dismissal for lack of exhaustion. Resp't's Lodg. Doc. Nos. 27, 28 (Findings and Recommendations), 29 (Order Adopting the Findings and Recommendations in Full).

Thereafter, petitioner filed seven state habeas petitions. The first petition was filed in Lassen County Superior Court on July 19, 2008, and denied on August 15, 2008. Resp't's Lodg. Doc. Nos. 5, 6. The second petition was filed in the Superior Court on March 11, 2013, and denied on May 2, 2013. Resp't's Lodg. Doc. Nos. 7, 8. The third petition was also filed in the Superior Court on May 7, 2013, and denied on July 10, 2013. Resp't's Lodg. Doc. Nos. 9, 10. Petitioner filed his fourth petition in the California Court of Appeal, Third Appellate District on May 15, 2013, and was denied on June 13, 2013. Resp't's Lodg. Doc. Nos. 11, 12. The fifth petition was filed in the California Court of Appeal, Third Appellate District on August 13, 2013, and denied on August 29, 2013. Resp't's Lodg. Doc. Nos. 13, 14. The sixth petition was filed in the California Supreme Court on September 10, 2013, and denied on October 16, 2013. Resp't's Lodg. Doc. Nos. 15, 16. The seventh petition was filed in the California Court of Appeal, Third Appellate District on February 24, 2015, and denied on March 19, 2015. Resp't's Lodg. Doc. Nos. 17, 18.

*Resentencing Petition*

On October 20, 2015, petitioner filed a petition for resentencing pursuant to Proposition 47 (Pen. Code § 1170.18) in Lassen County Superior Court. Resp't's Lodg. Doc. No. 19. The

---

[3] Petitioner filed a petition for writ of habeas corpus with the California Supreme Court on December 25, 2003; however, this petition challenged a 1986 conviction and does not relate to the current challenge. See Resp't's Lodg. Doc. Nos. 3, 4.

Superior Court found petitioner ineligible for resentencing under Proposition 47 on December 16, 2015. Resp't's Lodg. Doc. No. 20. Petitioner appealed to the California Court of Appeal on January 28, 2016, which affirmed the resentencing judgment on October 17, 2016. Resp't's Lodg. Doc. Nos. 23, 24. See also People v. McKinney, 2016 WL 6068207 (Cal. App. 2016). Petitioner filed for review in the California Supreme Court on October 26, 2016, and was denied on December 21, 2016. Resp't's Lodg. Doc. Nos. 25, 26. More will be said on these proceedings, infra.

Adding to all the confusion here, petitioner also made direct review appeals of other resentencing proceedings, see People v. McKinney, 2016 WL 447054 (Cal. App. 2016), People v. McKinney, 2017 WL 5248193 (Cal. App. 2017), but those proceedings are irrelevant to the petition before this court.

This instant action was filed on March 17, 2017.[4]

***Discussion***

    A. Statute of limitations

On April 24, 1986, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). Pursuant to 28 U.S.C. § 2244(d)(1), AEDPA imposes a one-year statute of limitations for federal habeas corpus petitions. 28 U.S.C. §2244(d)(1) provides, in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws

---

[4] The court affords petitioner application of the mailbox rule as to all his habeas filings in state court and in this federal court. Houston v. Lack, 487 U.S. 266, 275–76, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir.2003) (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period). In any event, the mailbox rule is inconsequential in this case.

4

|   |   |
|---|---|
| 1 | of the United States is removed, if the applicant was prevented from filing by such State action; |
| 2 | |
| 3 | (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; |
| 4 | |
| 5 | (D) or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. |
| 6 | |

28 U.S.C. § 2244(d).

Because petitioner appears to be challenging both his 2003 conviction and his resentencing petition pursuant to Proposition 47, each challenge will have a different date for when the applicable one-year statute of limitations began to run. Accordingly, the court will address the timeliness of the claims separately. See Butler v. Long, 752 F.3d 1177, 1181 (9th Cir. 2014), as amended on denial of reh'g and reh'g en banc (June 24, 2014) ("AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis") (citations omitted).

1. 2003 Conviction

Petitioner entered a guilty plea to battery by an inmate on a non-confined person in Lassen County Superior Court on March 11, 2003. Resp't's Lodg. Doc. Nos. 1, 2. He appealed his conviction to the California Court of Appeal, Third Appellate District who affirmed the judgement on November 18, 2003. Resp't's Lodg. Doc. No. 2. Petitioner did not seek review in the California Supreme Court. Notwithstanding the belated state habeas petitions, petitioner's conviction became final for purposes of AEDPA, thirty days after the denial of the Third District Court of Appeal on December 18, 2003. See Cal. Rules of Court Rule 8.387(b). Therefore, petitioner had until December 18, 2004, that is until one year after finality of conviction, to file a timely federal petition, absent applicable tolling.

a. Statutory Tolling

Under section 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. However, § 2244(d)(2) can only

pause a clock not yet fully run; it cannot "revive" the limitation period once it has run (i.e., restart the clock to zero). Thus, a state court habeas petition filed beyond the expiration of AEDPA's statute of limitations does not toll the limitation period under § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir.2001).

Here, petitioner filed his first state habeas petition on July 19, 2008.[5] Neither his first nor his subsequent state habeas petitions provide for statutory tolling of the statute of limitations as they were all filed after its expiration. Accordingly, this petition is untimely unless petitioner can show equitable tolling.

          b.    Equitable Tolling

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations only if he shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way and prevented timely filing. See Holland v. Florida, 560 U.S. 631, 649 (2010); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." See Holland, 560 U.S. at 653. See also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010).

As to the extraordinary circumstances required, the Ninth Circuit has held that the circumstances alleged must make it impossible to file a petition on time, and that the extraordinary circumstances must be the cause of the petitioner's untimeliness. See Bills, 628 F.3d at 1097, citing Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). This is a very high threshold, "lest the exception swallow the rule." See Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). In addition, '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate." Loft v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002), quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th

---

[5] In his briefing, respondent states that petitioner's first state petition was timely filed within the statute of limitations period with the California Supreme Court on December 25, 2003, however, respondent neglects to notice that the petition for writ of habeas corpus filed with the California Supreme Court was in relation to petitioner's 1986 conviction. ECF No. 22 at 5. Thus, the court will not include this date into its analysis of whether statutory tolling exists.

6

Cir. 1999). Determining whether equitable tolling is warranted is a "fact-specific inquiry." Spitsyn, 345 F.3d at 799 (citing Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).

Based on his opposition to the motion to dismiss, petitioner's argument for tolling is unclear and certainly insufficient. Petitioner writes a brief citation to Teague v. Lane, 489 U.S. 288 (1989) with no explanation as to his reliance on this authority. ECF No. 24. Moreover, petitioner's sur-reply fails to allege why tolling exists, instead, the sur-reply, ECF No. 27, simply asserts he is in compliance with exhaustion requirements.

Accordingly, the undersigned finds that petitioner has not met his burden of demonstrating the existence of grounds for equitable tolling as it relates to his 2003 conviction. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (petitioner bears the burden of demonstrating grounds for equitable tolling). For the reasons stated above, the undersigned recommends denying petitioner's claim that he is entitled to equitable tolling as it relates to his 2003 conviction claim, and granting respondent's motion to dismiss on the ground that the petition is untimely.

2. Proposition 47

Proposition 47 was passed by California voters on November 4, 2014, and became effective on November 5, 2014. See Cal. Penal Code § 1170.18. On October 20, 2015, petitioner filed his petition for resentencing pursuant to Proposition 47. Resp't's Lodg. Doc. No. 19. The Superior Court found petitioner ineligible for resentencing based on the conviction of Cal. Penal Code § 4501.5 (battery on a non-confined person by a confined person) not qualifying as an eligible offense pursuant to Cal. Penal Code § 1170.18. Resp't's Lodg. Doc. No. 20. Petitioner appealed, in relevant part, to the California Court of Appeal, which affirmed the judgment on October 17, 2016. Resp't's Lodg. Doc. No. 24. Petitioner filed for review in the California Supreme Court and was subsequently denied on December 21, 2016. Resp't's Lodg. Doc. No. 26.

a. *Successive Petition*

In 2014, petitioner challenged a resentencing process, sort of. In McKinney v. Acebedo, 14-cv-0475 DAD, petitioner claimed "Deny Counsel for Prop 36 and Recall Sentences." After two required amendments, petitioner could not state a cognizable claim in the resentencing

7

process, and the petition was summarily denied. The court understands that exhaustion was probably lacking for the 2014 petition. However, the petition was not dismissed for lack of exhaustion. However, a summary denial of a petition, no matter how cryptic the petition, is a decision on the merits. Therefore, under 28 U.S.C. section 2244 (b), petitioner should have sought permission to file this instant petition, and it should be dismissed a successive insofar as the resentencing portion is concerned.

Nevertheless, because it is not precisely clear what was at issue in the previous federal petition, the undersigned, will explore alternative bases for dismissing this petition.

        b. *Statute of Limitations*

All agree that each claim must be assessed for its own statute of limitations analysis. Butler, supra; Mardesich v. Cate, 668 F.3d 1164,1169 (9th Cir. 2012).

Respondent argues that the 2014 resentencing provisions of California law constituted a new "factual predicate" for the AEDPA limitations period, 28 U.S.C. § 2244 (d)(1)(D), thereby commencing the limitations period for the resentencing. As then calculated by respondent, petitioner filed new "petitions for habeas corpus" in the appellate and Supreme Court which permitted some tolling of the limitations period, but ultimately resulting in an expiration of the AEDPA limitations period just prior to the filing of this federal petition. While there is some authority supporting Respondent's approach, see e.g., Bowman v. Perry, 2016 WL 4013675 (S.D. Cal. 2016), the undersigned respectfully finds the approach incorrect for two reasons: (1) the resentencing provisions of Proposition 47 entitle a previously sentenced defendant to a new sentencing *proceeding* which is not final until *direct* review is completed, and petitioner sought direct review of the Proposition 47 resentencing proceeding which had been denied by the Superior Court; he did not file habeas petitions; (2) § 2244 (d)(1)(D) and its "factual predicate" limitations commencement provision does not apply to changes in law.

Even in this case it was held that Proposition 47 commences a resentencing proceeding which is reviewable on direct review. People v. McKinney, 2016 WL 6068207 (Cal. App. 2016). It only makes sense, then, to treat the resentencing proceedings as having a finalization date after the end of direct review of those resentencing proceedings. Gallagher v. Ryan, 2014 WL

1875146 *4 (D. Ariz. 2014). See also Villaneda v. Tilton, 2011 WL 17700860 (9th Cir. 2011); Ramey v. Lewis, 2006 125673 (9th Cir. 2006). In addition, it is clear that a change in law does not trigger the factual predicate analysis of § 2244(d)(1)(D). Shannon v. Newland, 410 F.3d 1083, 1089 (9th Cir. 2005); Torres v. Biter, 2014 WL 3845120 *5 (C.D. Cal. 2014); Williams v. Campbell, 2009 WL 3617801* 4 (E.D. Cal. 2009).

Under 28 § 2244(d)(1)(A), the limitations period began to run on the date the petitioner's direct review became final. Here, petitioner's direct review was finalized 90 days after on March 21, 2016. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Therefore, petitioner had until March 21, 2017, that is until one year after finality of conviction, to file a timely federal petition, absent applicable tolling. Accordingly, this instant action filed March 17, 2017 is timely.

### B. Failure to State Cognizable Federal Claim

A "person in custody pursuant to the judgment of a State court" may challenge that judgment in federal court pursuant to an application for a writ of habeas corpus premised "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, a challenge to a state court's application of California Penal Code § 1170.18, as applied to petitioner's request for resentencing, fails to state a cognizable federal claim.

A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is unavailable for alleged error in the interpretation or application of state law. Middleton, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1983); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986). Habeas corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377 (1972). To state a cognizable federal habeas claim based on an alleged error in state sentencing, a petitioner must show that the error was "so arbitrary or capricious as to constitute an independent due process" violation. Richmond v. Lewis, 506 U.S. 40, 50 (1992).

////

The petition and history of this case demonstrate that petitioner's resentencing assertion was denied in the Superior Court and on direct review, albeit the post-<u>Wende</u> brief filed on direct review was fairly incoherent. <u>See</u> <u>McKinney</u>, <u>supra</u>. In order to obtain relief, petitioner would have this court review the propriety of state court Proposition 47 rulings applying state law. That, the court cannot do. <u>Tuggles v. Perez</u>, 2016 WL 1377790 (E.D. Cal. 2016).

Petitioner's challenge to errors of state law is not a cognizable federal claim under 28 U.S.C. § 2254. Accordingly, this court finds no cognizable federal claim in petitioner's challenge to his resentencing petition.

*Conclusion*

The petition should be denied for the reasons set forth above.

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 22) be granted insofar as the 2003 conviction is concerned;
2. A dismissal based on successive petition should be entered, or in the alternative, summary denial be issued for petitioner's resentencing claim;
3. The petition be dismissed with prejudice; and
4. The District Judge decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. <u>Id.</u>; <u>see also</u> Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and

| | |
|---|---|
| 1 | Recommendations."  Any response to the objections shall be filed with the court and served on all |
| 2 | parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file |
| 3 | objections within the specified time may waive the right to appeal the District Court's order. |
| 4 | <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 |
| 5 | (9th Cir. 1991). |
| 6 | Dated: April 2, 2018 |

<u>/s/ Gregory G. Hollows</u><br>UNITED STATES MAGISTRATE JUDGE